UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHIRLEY M. DRUMMER, | Case No. 2:25-cv-00965-APG-NJK |
| Plaintiff, | **Order** |
| v. | [Docket No. 5] |
| SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY, *et al.*, | |
| Defendants. | |

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 5. Plaintiff also submitted a third amended complaint. Docket No. 9.

I. *In Forma Pauperis* Application

Plaintiff filed the affidavit required by § 1915(a). Docket No. 5. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

II. **Screening the Complaint**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim

showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**III.    Analysis**

On June 2, 2025, Plaintiff filed her original complaint. Docket No. 1-2. On June 6, 2025, Plaintiff filed an amended complaint. Docket No. 6. On June 6, 2025, Plaintiff filed a second amended complaint. Docket No. 8. On June 30, 2025, Plaintiff filed a third amended complaint. Docket No. 9. Plaintiff's third amended complaint adds two new defendants and new factual allegations. *See id*. at 1-2. The Court will not piece together Plaintiff's four different "complaints" to determine what claims, defendants, and factual allegations Plaintiff wishes to pursue in this lawsuit. Moreover, as a general rule, when a plaintiff files an amended complaint, the amended complaint replaces all older filed complaints, including amended complaints. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (stating that, "when a plaintiff files an amended complaint, '[t]he amended complaint super[s]edes the original, the latter being treated thereafter as non-existent'").

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed in *forma pauperis* is **GRANTED**. Docket No. 5. Plaintiff is not required to pay the filing fee of $405. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* does not extend to the issuance and/or service of subpoenas at government expense.

2. Plaintiff's third amended complaint is **DISMISSED** with leave to amend. Docket No. 9. Plaintiff will have until **August 8, 2025,** to file a fourth amended complaint. Plaintiff's fourth amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue. Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint or previous amended complaints) in order to make the amended complaint complete. This is because, as a general rule, an amended complaint supersedes the previous complaints. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case.

3. Failure to comply with this order will result in the recommended dismissal of this case.

IT IS SO ORDERED.

Dated: July 8, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

3