UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHIRLEY M. DRUMMER,<br>    Plaintiff,<br>v.<br>SOUTHERN NEVADA REGIONAL HOUSING AUTHORITY, *et al.*,<br>    Defendants. | Case No. 2:25-cv-00964-GMN-NJK<br><br>**Order** |

On July 8, 2025, the Court dismissed Plaintiff's third amended complaint with leave to amend. Docket No. 10 at 3. On July 10, 2025, Plaintiff filed a fourth amended complaint. Docket No. 11. The Court herein screens that fourth amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I.    STANDARDS**

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265,

1

286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**II.    ANALYSIS**

Plaintiff asserts claims against the Southern Nevada Regional Housing Authority ("SNRHA"), Brandy Foreman, Ebony Bell, Malandria Watson, Rosa Elaine Garcia, Rhonda Jackson, and Dori Walker.[1] Docket No. 11 at 2. Plaintiff alleges that (1) she was the original head of household on a housing choice voucher; (2) her husband submitted a VAWA claim which resulted in the voucher being bifurcated; (3) Plaintiff was under a restraining order that blocked her access to her residence; (4) Plaintiff was never served formal notice of removal; (5) Plaintiff contacted multiple SNRHA agents, including Warson and Garcia, who confirmed that the bifurcation had occurred, but allegedly refused to send documentation or allow her to respond; (6) instead, Plaintiff's husband received the documentation and allegedly used it against her in court; (7) Foreman served as a hearing officer, despite allegedly being a party to the events, and despite Plaintiff requesting her removal; (8) Bell was later assigned to oversee Plaintiff's hearing but was also conflicted; (9) SNRHA held a hearing, which was delayed by months and, during the hearing,

---

[1] Plaintiff lists Porsha Jones as a defendant in the caption. *See* Docket No. 11 at 1. Plaintiff fails to state a colorable claim against Jones. Plaintiff neither identifies any action taken by Jones nor make any factual allegations involving Jones.

2

SNRHA denied Plaintiff a reasonable accommodation; (10) when Plaintiff requested her full housing file, Walker told her it would cost $492 and then allegedly admitted that the housing file was 39 pages, of which 25 are free; (11) Plaintiff's physician sent a letter supporting a reasonable accommodation to waive the cost to get the file and SNRHA denied the request; (12) Defendants retaliated against Plaintiff, even after Plaintiff filed grievances and requested assistance from HUD; and (13) on June 30, 2025, Plaintiff learned that a final decision on her voucher termination would be sent to her via email. Docket No. 11 at 2-3. Based on these allegations, Plaintiff seeks to assert federal claims arising under the Fourteenth Amendment, the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act. *Id*. at 3. Plaintiff seeks declaratory judgment, compensatory and punitive damages, injunctive relief, and court-supervised training and/or reform of the SNRHA procedures. *Id*. at 4.

      *a. Fourteenth Amendment*

Plaintiff's complaint fails to state a violation of the Fourteenth Amendment. The United States Constitution itself does not create a federal cause of action; instead, suits alleging the violation of constitutional rights must be brought pursuant to 42 U.S.C. § 1983. *E.g., Azul–Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). "To adequately plead the section 1983 elements, a complaint must identify what constitutional rights each defendant violated, and provide sufficient facts to plausibly support each violation." *Thomas v. Row Casinos*, 2019 WL 7340505, at *2 (D. Nev. Dec. 13, 2019) (citing *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002)). While Plaintiff broadly alleges that Defendants violated her constitutional right to due process, she fails to explain the involvement of each defendant with respect to the alleged constitutional violation. *See Clark v. Dzurenda*, 2020 WL 2926454, at *5 (D. Nev. June 3, 2020) ("For each defendant, [plaintiff] must allege facts sufficient to show that the particular defendant violated his civil rights").

Further, to state a cause of action for deprivation of procedural due process under the Fourteenth Amendment, Plaintiff must first establish the existence of a life, liberty, or property interest for which the protection is sought. *See Ky. Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). In addition, Plaintiff must plead that the processes in place are inadequate.

3

*Zinermon v. Burch*, 494 U.S. 113, 126 (1990).  While Plaintiff may have a property interest in her housing voucher, *see Nozzi v. Hous. Auth. of City of Los Angeles,* 425 F. App'x 539, 541 (9th Cir. 2011*)*, Plaintiff does not adequately plead that the processes in place are inadequate.  Instead, Plaintiff submits that there was a hearing, that she filed grievances, and that she requested assistance from HUD.  Docket No. 11 at 3.  Plaintiff cannot rely primarily on the conclusory assertion that she "was removed from the voucher program without adequate notice, opportunity to respond, or a neutral decision maker." *Id.* at 3.  Such conclusory assertions fail to satisfy the pleading requirements.  *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions") (internal quotation marks and citation omitted).  Thus, Plaintiff fails to state a claim upon which relief can be granted.

   b. *Fair Housing Act*

  Plaintiff alleges that Defendants retaliated against her in violation of the FHA.  Docket No. 11 at 3.  To establish a *prima facie* case of retaliation under the FHA, Plaintiff must allege that (1) she engaged in protected activity; (2) Defendants subjected her to an adverse action; and (3) "a causal link exists between the protected activity and the adverse action." *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001) (citing *Steiner v. Showboat Operating Co.*, 25 F.3d 1459, 1464 (9th Cir. 1994)).  "Protected activity" covers many types of actions but must relate to a plaintiff exercising her rights "granted or protected" by the FHA.  *Macon v. Proud Ground Org.*, 2021 WL 3354157, at *6 (D. Or. July 30, 2021) (citing 42 U.S.C. § 3617).

  Plaintiff alleges that she engaged in protected activity, including filing complaints and requesting accommodations.  Docket No. 11 at 3.  Plaintiff further alleges that Defendants took adverse actions against Plaintiff. *Id*.  However, Plaintiff fails to allege what those adverse actions are, nor does she provide information that the Court can use to determine whether there is a causal link between the protected activity and the alleged retaliation. *See Fox v. Kovacs*, No. 2:24-CV-00047-CDS-NJK, 2025 WL 1249112, at *5 (D. Nev. Apr. 30, 2025).  Moreover, Defendants cannot properly defend against the case if the complaint fails to set forth the allegations against them.  *See Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (explaining

that although the Federal Rules set forth a flexible pleading policy, a complaint must give fair notice to each defendant of the factual allegations against them and tie these specific factual allegations with each of the elements of each legal claim, stated plainly and concisely). Accordingly, Plaintiff fails to state a claim under the FHA.

        *c. Americans with Disabilities Act*

Plaintiff alleges that Defendants violated the ADA. Docket No. 11 at 3. Plaintiff alleges that she has documented disabilities, that she submitted a reasonable accommodation request to waive the cost to get her full housing file, that Defendants denied the accommodation because "there was no nexus between the disability and the request," and that Defendants failed to engage in the required interactive process. *Id*.

The ADA defines disability as: (1) a physical or mental impairment that substantially limits one or more major life activities, (2) a record of having such an impairment, or (3) being regarded as having such an impairment. See 42 U.S.C. § 12102. To properly allege the element of disability, Plaintiff must allege that her disability falls within the ADA, with some factual "specificity." *See Bresaz v. Cnty. of Santa Clara*, 136 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015).

Here, Plaintiff does not allege specifically what her disability is, how it affects her, or how she qualifies as a person in a protected class. Plaintiff also fails to explain how her request was, in fact, reasonable. *See Fox*, 2025 WL 1249112, at *6. Without this information, Plaintiff's fourth amended complaint lacks the "factual content that allows the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Accordingly, Plaintiff fails to state a claim under the ADA.

        *d. Rehabilitation Act*

Plaintiff alleges that Defendants violated Section 504 of the Rehabilitation Act. Docket No. 11 at 3. Plaintiff alleges that Defendants receive federal funds and that they failed to provide equal access to her based on her disability. *Id*.

Section 504 of the Rehabilitation Act provides that "no otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving

5

Federal financial assistance." 29 U.S.C. § 794. To bring a § 504 claim, Plaintiff must show that (1) she is an individual with a disability; (2) that she is otherwise qualified to receive benefits; (3) that she was denied benefits of the program solely by reason of her disability; and that (4) the program receives federal financial assistance. *Updike v. Multnomah Cnty.*, 870 F.3d 939, 949 (9th Cir. 2017).

Here, again, Plaintiff fails to describe what her disability is. She also fails to allege how she is otherwise qualified to receive benefits and how any denial of her housing voucher occurred *because* of her disability. Indeed, it appears that Plaintiff's housing voucher was terminated due to a Violence Against Women Act claim. *See* Docket No. 11 at 2. Accordingly, Plaintiff fails to plead the basic elements of a Section 504 claim.

    *e. Conclusion*

For the reasons stated above, Plaintiff's fourth amended complaint fails to identify how the factual allegations made state a claim for any particular cause of action, and therefore fails to satisfy Rule 8.

Having determined that Plaintiff's fourth amended complaint fails to state any colorable claim for relief, the Court must decide whether to afford Plaintiff leave to amend. A plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear that the deficiencies cannot be cured by amendment. *Cato*, 70 F.3d at 1106. Leave to amend is not automatic, however, and "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *City of Los Angeles v. San Pedro Boat Works*, 635 F.3d 440, 454 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

The Court will afford Plaintiff an opportunity to amend the complaint if she believes that any of the above deficiencies can be cured.

### III. CONCLUSION

Accordingly, Plaintiff's fourth amended complaint is **DISMISSED** with leave to amend. Docket No. 11. Plaintiff will have until **August 11, 2025,** to file a fifth amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is

6

informed that the Court cannot refer to a prior pleading in order to make the fifth amended complaint complete. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Failure to comply with this order will result in the recommended dismissal of this case.

IT IS SO ORDERED.

Dated: July 11, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Nancy J. Koppe
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge