# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

SHIRLEY DRUMMER,

     Plaintiff,

v.

SOUTHERN NEVADA REGIONAL
HOUSING AUTHORITY, et al.,

     Defendants.

Case No. 2:25-cv-00965-GMN-NJK

**Order**

[Docket No. 21]

On July 11, 2025, the Court screened Plaintiff's fourth amended complaint and dismissed it with leave to amend.  Docket No. 16.  On August 25, 2025, Plaintiff filed a fifth amended complaint.[1]  Docket No. 21.  The Court now screens Plaintiff's fifth amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

## I.    BACKGROUND

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. to proceed *in forma pauperis*.  On June 2, 2025, Plaintiff filed a complaint and application to proceed *in forma pauperis*.  Docket No. 1.  On July 8, 2025, the Court entered an order granting Plaintiff's application to proceed *in forma pauperis* and affording Plaintiff an opportunity to file a fourth amended complaint.  Docket No. 10.  Plaintiff filed a fourth amended complaint, which the Court dismissed with leave to amend if the deficiencies in the complaint could be corrected.  *See* Docket Nos. 11, 16.  The Court explained that "Plaintiff's fourth amended complaint fails to identify how the factual allegations made state a claim for any particular cause of action, and therefore fails to satisfy Rule 8."  Docket No. 16 at 6.  On August 25, 2025, Plaintiff filed a fifth amended complaint. Docket No. 21.

## II.    STANDARDS

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the

---

[1] The Court liberally construes the filings of *pro se* litigants.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Although the pleadings of *pro se* litigants are construed liberally, they must still comply with Rule 8. *See, e.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014). To comply with Rule 8, a complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). When litigants have not complied with the dictates of Rule 8(a), courts may dismiss the complaint *sua sponte*. *See, e.g.*, *Apothio, LLC v. Kern Cnty.*,

599 F. Supp. 3d 983, 1000 (E.D. Cal. 2022) (collecting cases).  That holds true even if a viable claim might be discerned within the morass of the allegations.  *See McHenry*, 84 F.3d at 1179 (affirming dismissal on Rule 8 grounds despite lower court identification of a few claims that were not subject to dismiss under Rule 12(b)(6) and explaining that "the propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit").

**III.    ANALYSIS**

Plaintiff asserts claims against the Southern Nevada Regional Housing Authority ("SNRHA"), Brandy Foreman, Ebony Bell, Malandria Watson, and Rhonda Jackson.  Docket No. 21 at 1-3.  Plaintiff alleges that (1) she has primary progressive multiple sclerosis (PPMS) and is under treatment for anxiety, depression, cognitive issues, and ongoing behavioral therapy; (2) these conditions substantially limit one or more major life activities and qualify her as a person with disabilities under the ADA, Section 504 and the FHA; (3) Plaintiff provided medical documentation from her licensed physician and therapist to SNHRA for her need for a live-in aid and an extra bedroom for medical supplies; (4) SNRHA is legally responsible for the actions of its employees and agents under *respondeat superior*, including Defendants Foreman, Bell, Watson, and Jackson; (5) Defendants Foreman, Bell, Watson, and Jackson engaged in actions that denied reasonable accommodations, violated due process, discriminated based on disability, and retaliated against Plaintiff for asserting her rights; and (6) despite Plaintiff's repeated HUD complaints and submission of medical documentation, Defendants continued discriminatory, retaliatory, and unlawful actions.  *See id.* at 2-4.  The fifth amended complaint also provides additional factual allegations as to each Defendant.  *See id.* at 2-3.  Plaintiff attempts to assert federal claims arising under the Fourteenth Amendment, the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act.  *See id.* at 1, 4.  Plaintiff asks the Court to: (1) order Defendants to restore her housing choice voucher; (2) award compensatory and punitive damages; (4) grant injunctive relief; (5) award attorney's fees, costs, and interest; (6) and grant any other relief the Court deems just and proper.  *See id.* at 4-5.

The overriding problem with Plaintiff's fifth amended complaint is that it fails to satisfy the requirements of Rule 8.  Under "CLAIMS FOR RELIEF," the complaint lumps defendants

1   together and fails to specify the particular defendants responsible for violating the law or right

2   asserted. *See id.* at 4. "Rule 8 requires sufficient allegations be pled against each defendant." *Cai*

3   *v. Enter. Leasing Co.-W. LLC*, No. 2:23-CV-00050-NJK, 2024 WL 810885, at *2 (D. Nev. Feb.

4   27, 2024). Although the complaint identifies "Laws Violated" as to each of the four individual

5   defendants, *see* Docket No. 21 at 2-3, this too fails to comply with Rule 8 because there is no

6   accompanying "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp.*

7   *v. Twombly*, 550 U.S. 544, 555 (2007). Asking the Court to comb through allegations in an effort

8   to piece together a claim does not comply with the requirements of Rule 8. *See Lopez v. Iaela-*

9   *Tokugawa*, No. 2:24-CV-00876-APG-NJK, 2025 WL 3164232, at *2 (D. Nev. Aug. 6, 2025),

10  *report and recommendation adopted*, No. 2:24-CV-00876-APG-NJK, 2025 WL 3162016 (D. Nev.

11  Nov. 10, 2025).

12  **IV.    CONCLUSION**

13          Accordingly, Plaintiff's fifth amended complaint is **DISMISSED** with leave to amend.

14  Docket No. 21. The Court will grant Plaintiff one final opportunity to amend her complaint.

15  Plaintiff will have until January 12, 2026, to file a sixth amended complaint, if the noted

16  deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed

17  that the Court cannot refer to a prior pleading in order to make the sixth amended complaint

18  complete. Local Rule 15-1(a) requires that an amended complaint be complete in itself without

19  reference to any prior pleading. Failure to comply with this order will result in the recommended

20  dismissal of this case.

21          IT IS SO ORDERED.

22          Dated: December 15, 2025

23

24                                                          Nancy J. Koppe
                                                            United States Magistrate Judge
25

26

27

28