**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SHIRLEY DRUMMER,

    Plaintiff,

v.

SOUTHERN NEVADA REGIONAL
HOUSING AUTHORITY, et al.,

    Defendants.

Case No. 2:25-cv-00965-GMN-NJK

**Order**

[Docket No. 23]

On December 15, 2025, the Court screened Plaintiff's fifth amended complaint and dismissed it with leave to amend.  Docket No. 22.  Plaintiff filed a sixth amended complaint,[1] Docket No. 23, which the Court now screens pursuant to 28 U.S.C. § 1915(e)(2).

**I.      BACKGROUND**

Plaintiff is proceeding in this action *pro se* and requested authority pursuant to 28 U.S.C. § 1915(e) to proceed *in forma pauperis*.  On June 2, 2025, Plaintiff filed a complaint and application to proceed *in forma pauperis*.  Docket No. 1.  On July 8, 2025, the Court entered an order granting Plaintiff's application to proceed *in forma pauperis* and affording Plaintiff an opportunity to file a fourth amended complaint.  Docket No. 10.  Plaintiff filed a fourth amended complaint, which the Court dismissed with leave to amend if the deficiencies in the complaint could be corrected.  *See* Docket Nos. 11, 16.  On Augst 25, 2025, Plaintiff filed a fifth amended complaint. Docket No. 21.  The Court dismissed the complaint with leave to amend and afforded Plaintiff one final opportunity to amend her complaint.  Docket No. 22.  On January 12, 2026, Plaintiff filed a sixth amended complaint.  Docket No. 23.

….

….

---

[1] The Court liberally construes the filings of *pro se* litigants.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## II.    STANDARDS

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 556 U.S. at 679.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 678.  Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

## III.    ANALYSIS

The Court provides a summary of the factual allegations and claims set forth in Plaintiff's sixth amended complaint and then screens the complaint.

### A.  Summary of the Sixth Amended Complaint

Plaintiff asserts claims against the Southern Nevada Regional Housing Authority ("SNRHA"), as well as SNRHA employees Malandria Watson, Rhonda Jackson, Brandy Foreman, and Ebony Bell, in their individual and official capacities.  Docket No. 23 at 1-3.  Plaintiff alleges that she was the former head of household for a housing choice voucher administered by Defendant SNRHA, which is a public housing authority established and operating pursuant to Nevada law; she is diagnosed with multiple sclerosis, generalized anxiety disorder, panic disorder, and major depressive disorder; and these conditions substantially limit one or more major life activities and necessitate ongoing medical care, reasonable housing accommodations, and disability-related assistance. *See id.* at 2.  Further, Plaintiff alleges that, on or about May 9, 2024, she and her spouse submitted requests for approval of a live-in caregiver supported by medical documentation from the same treating physician; and Defendant Foreman approved Plaintiff's spouse's request but denied Plaintiff's request for her own caregiver and required her to share a caregiver with her spouse despite distinct medial documentation of Plaintiff's individualized need.  *See id.* at 3. Additionally, Plaintiff alleges that, on or about February 26, 2025, Defendant Watson initiated Plaintiff's removal from the housing choice voucher without providing Plaintiff with timely written notice or an opportunity to contest the removal; and subsequently, Plaintiff received a termination notice from Defendant Watson by email, after she had been removed from the housing choice voucher and locked out of the residence. *Id.*  Moreover, Plaintiff alleges that, on or about April 23, 2025, Plaintiff received a formal email from Defendant SNRHA confirming that her voucher had been terminated; on June 30, 2025, Defendant Bell served as a material fact witness and presiding hearing officer during Plaintiff's administrative termination hearing, despite Plaintiff's objection; on July 17, 2025, Defendant Bell declined to recuse herself and issued a final determination upholding Plaintiff's voucher termination; on October 14, 2025, Defendant Foreman denied Plaintiff's spouse's request to reinstate Plaintiff's voucher. *See id.* at 4.

Plaintiff attempts to assert federal claims arising under the Fourteenth Amendment of the U.S. Constitution, 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), Section 504

of the Rehabilitation Act, the Fair Housing Act ("FHA"), and Title VII of the Civil Rights Act. *See id.* at 2, 5-6.

### B. Plaintiff's Due Process Violation Claim

Plaintiff alleges a due process violation against Defendants SNRHA, Malandria Watson, and Ebony Bell pursuant to the Fourteenth Amendment and 42 U.S.C. § 1983. *See id.* at 5. Plaintiff argues that she has a constitutionally protected property interest in her housing choice voucher and that Defendant Watson deprived her of procedural due process by failing to provide timely and adequate written notice and a meaningful opportunity to be heard prior to the deprivation of her housing benefits. *See id.* Further, Plaintiff alleges that Defendant Bell denied her a fair and impartial adjudication by serving simultaneously as a witness and hearing officer during her administrative termination hearing. *See id.* Additionally, Plaintiff submits that Defendant SNRHA is liable for these due process violations because it is a public housing authority established and operating pursuant to Nevada law and responsible for the administration of the housing voucher and the actions of its employees. *See id.* at 2, 5.

At this point, this claim may move forward because Plaintiff arguably has a property interest in having a housing choice voucher. *See Nozzi v. Hous. Auth. of City of Los Angeles*, 425 F. App'x 539, 541 (9th Cir. 2011) (noting that "Section 8 participants have a property interest in [their] housing benefits"), *cert. denied*, 580 U.S. 817 (2016). Therefore, Plaintiff may be entitled to due process protections as set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Guy v. Carson*, No. 2:20-CV-01581-DDP-SHK, 2020 WL 3884904, at *7 (C.D. Cal. June 22, 2020), *report and recommendation adopted*, 2023 WL 3604316 (C.D. Cal. May 23, 2023) (citing *Nozzi*, 425 F. App'x at 542). Accordingly, Plaintiff's allegations suffice to state a colorable claim for a due process violation at the screening phase.[2]

---

[2] The Court screens the complaint without the benefit of the adversarial process. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). Nothing in this order should be construed as precluding the filing of a motion to dismiss the complaint. A complaint is subject to dismissal at the screening stage if it fails to state "*a claim* on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added). Hence, it suffices to survive screening that Plaintiff has stated one claim. *See, e.g.*, *Bem v. Clark Cnty. Sch. Dist.*, No. 2:15-CV-00067-JAD-NJK, 2015 WL 300373, at *3 n.1 (D. Nev. Jan. 21, 2015). The Court express no opinion as to the sufficiency of the complaint as to any claim other than the due process claim addressed above.

## IV.   CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. The Clerk's Office is **INSTRUCTED** to file Plaintiff's sixth amended complaint (Docket No. 23) on the docket.

2. From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the court.  Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendants or counsel for Defendants.  The Court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk, and any paper received by a District Judge, Magistrate Judge, or the Clerk that fails to include a certificate of service.

IT IS SO ORDERED.

Dated: January 23, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

5