UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Shirley Drummer,

      Plaintiff,

v.

Southern Nevada Regional Housing
Authority, et al.,

      Defendants.

Case No. 2:25-cv-00965-GMN-NJK

**Order**

[Docket No. 40]

Pending before the Court is Defendants' motion to stay discovery pending resolution of their motion to dismiss. Docket No. 40. The Court does not require further briefing or a hearing. *See* Local Rule 78-1.

**I.       ATTORNEY CONFUSION**

Defendants are confused as to the governing test for this common motion practice.[1] While Defendants mention both the "preliminary peek" test and the minority so-called "good cause" test, they incorrectly claim that this Court has rejected the "preliminary peek test." Docket No. 40 at 6.[2] The Court understands that there is confusion in the local bar created by the emergence of a minority approach that runs counter to decades of established case law. *See Flynn v. Nev.*, 345 F.R.D. 338, 347-48 (D. Nev. 2024). The undersigned has, however, clearly and unequivocally rejected the minority so-called "good cause" test[3] as both legally untenable and counter to numerous policy considerations. *See id.* at 347-51. In addition, the majority of judges in this

---

[1] Even when the parties do not do so, the Court has its own duty to correctly articulate and apply the law. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

[2] Defendants then fail entirely to brief the preliminary peek framework. *See* Docket No. 40 at 6-9.

[3] The "good cause" test is a misnomer, as the preliminary peek framework is itself also an application of the good cause requirement pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. *See Flynn*, 345 F.R.D. at 346 at n.13.

District continue to apply the preliminary peek framework. *See, e.g.*, *Alvarado v. W. Range Ass'n*, 2025 WL 659352, at *1 n.1 (D. Nev. Feb. 28, 2025) (Baldwin, J.); *Gauler v. Internal Rev. Serv.*, 2024 WL 4307847, at *2 (D. Nev. Sept. 26, 2024) (Denney, J.); *Blandino v. Las Vegas Metro. Police Dept.*, 2024 WL 4024828, at *1 (D. Nev. May 10, 2024) (Youchah, J.), *objections overruled*, 2024 WL 5056178, at *4 (D. Nev. Dec. 9, 2024) (Navarro, J.) ("The Magistrate Judge applied the correct legal standard"). For the reasons already articulated in *Flynn*, the undersigned will not apply the minority so-called "good cause" approach.

## II.    ANALYSIS

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay of discovery bears the heavy burden of making a strong showing that discovery should be denied. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that Plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). "These are not 'factors' for consideration, they are elements of a test that must all be met for a stay of discovery to be warranted." *Flynn*, 345 F.R.D. at 346 n.12.

Defendants' motion fails to analyze their request for a stay of discovery using the correct legal framework.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

2

## III.   CONCLUSION

For the reasons discussed above, the motion to stay discovery is **DENIED** without prejudice. Docket No. 40. No later than May 19, 2026, either the parties must file a joint discovery plan or Defendants must file a proper motion to stay discovery with the correct legal standards and analysis.

IT IS SO ORDERED.

Dated: May 14, 2026

_____
Nancy J. Koppe
United States Magistrate Judge